# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Cambria County Employees Retirement System and Michael A. Roberts

## DEFENDANTS

Forward Air Corporation, Ronald W. Allen, Ana Amicarella, Valerie A. Bonebrake, C. Robert Campbell, R. Craig ➕

**(b)** County of Residence of First Listed Plaintiff **Cambria County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Greene County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attachment

Attorneys *(If Known)*

See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | ☐ 365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity- 28 U.S.C. § 1332(d)   CAFA - 28 U.S.C. § 1453   Removed pursuant to 28 U.S.C. § 1446

Brief description of cause:
Putative Class action by public shareholders seeking damages and other relief for alleged violation of voting franchise conferred by Tennessee state

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
>$5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| June 14, 2024 | s/Stephen M. Darden |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CIVIL COVER SHEET – ATTACHMENT

**Plaintiffs' Attorneys**

Thomas J. Wright BPR# 010695
Corey B. Shipley BPR# 032772
COLLINS SHIPLEY, PLLC
102 South Main Street
Greeneville, TN 37743
tom@collinsshipley.com
corey@collinsshipley.com

Christopher H. Lyons, BPR# 034853
Henry S. Bator, BPR# 040431
ROBBINS GELLER RUDMAN & DOWD
LLP
200 31st Avenue North
Nashville, TN 37203
615-244-2203
clyons@rgrdlaw.com
hbator@rgrdlaw.com

Randall J. Baron
ROBBINS GELLER RUDMAN & DOWD
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
randyb@rgrdlaw.com

Michael J. Barry
Christine M. Mackintosh
Vivek Upadhya
GRANT & EISHEHOFER P.A.
123 Justison Street, 7th Floor
Wilmington, Deleware 19801
mbarry@gelaw.com
cmackintosh@gelaw.com
vupadhya@gelaw.com

**Defendants' Attorneys**

Stephen M. Darden (TBPR No. 011461)
HUNTER SMITH DAVIS LLP
100 Med Tech Parkway Suite 110
Johnson City, TN 37604
423-283-6303
423-283-6301 (fax)
sdarden@hsdlaw.com

David R. Marriott (*pro hac vice forthcoming*)
Justin C. Clarke (*pro hac vice forthcoming*)
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
212-474-1000
212-474-3700 (fax)
dmarriott@cravath.com
jcclarke@cravath.com

| | |
|---|---|
| Cambria County Employees Retirement System and Michael A. Roberts, | |
| Plaintiffs, | Civil Action No. 24-103 |
| -against- | |
| Forward Air Corporation, Ronald W. Allen, Ana Amicarella, Valerie A. Bonebrake, C. Robert Campbell, R. Craig Carlock, G. Michael Lynch, George S. Mayes Jr., Chitra Nayak, Javier Polit, Thomas Schmitt and Laurie A. Tucker, | **NOTICE OF REMOVAL** |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446 and 1453, Defendants Forward Air Corporation ("Forward"), Ronald W. Allen, Ana Amicarella, Valerie A. Bonebrake, C. Robert Campbell, R. Craig Carlock, G. Michael Lynch, George S. Mayes Jr., Chitra Nayak, Javier Polit, Thomas Schmitt and Laurie A. Tucker (collectively, "Defendants") hereby remove the above-captioned action to the United States District Court for the District of Tennessee from the Tennessee Chancery Court sitting in Greeneville, Tennessee ("Tennessee State Court").

As grounds for the removal, Defendants state as follows:

## I.     Statement of Jurisdiction

I.     On May 15, 2024, Plaintiffs Cambria County Employees Retirement System and Michael A. Roberts ("Plaintiffs") commenced the above-captioned action in the Tennessee State Court.  The Tennessee State Court is within the territorial jurisdiction of the United States District Court for the Eastern District of Tennessee.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). A true and complete copy of Plaintiffs' putative class action complaint ("Complaint") is attached hereto as Exhibit A.

2.     On June 5, 2024, Defendants filed an answer to the Complaint in Tennessee State Court ("Answer"). A true and complete copy of the Answer is attached hereto as Exhibit B.

3.     This Court has original jurisdiction of the matter under the Class Action Fairness Act ("CAFA") because this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which […] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

## A.     Minimal Diversity is Met.

4.     Defendant Forward is a Tennessee corporation with its principal place of business at 1915 Snapps Ferry Road, Building N, Greeneville, Tennessee, 37745. Compl. ¶ 13. Forward is therefore a Tennessee citizen. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business […]"). Upon information and belief, several individual defendants are citizens of states other than Tennessee.

5.     At least one of the Plaintiffs—Cambria County Employees Retirement System ("Cambria County")—is a citizen of a State different from Defendant Forward, as required under 28 U.S.C. § 1332(d)(2)(A).

6.     Cambria County is an unincorporated Pennsylvania pension plan. *See* Compl. ¶ 11 ("Plaintiff Cambria County is organized under the laws of Pennsylvania."). Cambria

-2-

County's principal place of business is 200 South Center Street, Ebensburg, Pennsylvania, 15931. *See* Cambria County, *Retirement Board*, https://www.cambriacountypa.gov/controller-office/retirement-board/ (last visited May 20, 2024).

7.      For purposes of 28 U.S.C. § 1332(d), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Cambria County, an unincorporated association, is a Pennsylvania citizen because it is organized under the laws of Pennsylvania and has its principal place of business in Pennsylvania. *See supra* ¶ 6. Therefore, Plaintiffs and Defendants are minimally diverse.

## B.      The Amount in Controversy Requirement is Met.

8.      The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Moreover, "the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation marks omitted).

9.      Here, Plaintiffs purport to seek rescissory damages linked to the consummation of a deal allegedly valued in excess of $3 billion. Compl. ¶¶ 1, 86. The amount in controversy exceeds $5,000,000.

## C.      The Aggregation Requirement is Met.

10.      Additionally, 28 U.S.C. § 1332(d)(5)'s requirement that the "number of members of all proposed plaintiff classes in the aggregate" be at least one hundred for original jurisdiction under paragraph (d)(2)(A) to apply is met here. Plaintiffs purport to bring their class action

-3-

claim on behalf of "likely [...] *thousands*" of public shareholders of Forward. Compl. ¶ 68 (emphasis added).

## II.   Timeliness of Removal

11.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of service of the Verified Second Amended Class Action Complaint upon Defendants. The case stated by the initial pleading, the Verified Complaint[1] filed on September 26, 2023, was not removable. 28 U.S.C. § 1446(b)(3). However, when Plaintiffs added Cambria County as a named Plaintiff and asserted a class action in the Verified Second Amended Class Action Complaint filed on May 15, 2024, Defendants first "ascertained that the case is one which is or has become removable." *Id.* This Notice of Removal is thus timely filed in accordance with 28 U.S.C. § 1446(b).

## III.   Procedural Requirements

12.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants in this case are attached hereto as Exhibit A.

13.   Pursuant to 28 U.S.C. § 1446(d), Plaintiffs will be provided with written notice of the filing of this Notice of Removal.

14.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Tennessee Chancery Court sitting in Greeneville, Tennessee.

## IV.   Defenses

15.   By removing this action, Defendants do not waive any jurisdictional or other defenses that might be available to them, including, but not limited to, lack of jurisdiction, and/or improper venue.

---

[1] The Verified Complaint was amended by the filing of the first Verified Amended complaint on October 4, 2023.

-4-

16.     Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that the Court assume full jurisdiction over this action as if Plaintiffs originally filed the Complaint in this Court and that the above-captioned action be removed from the Tennessee Chancery Court sitting in Greeneville, Tennessee, to this Court.

Dated: June 14, 2024

Respectfully submitted,

Stephen M. Darden (TBPR No. 011461)
HUNTER SMITH DAVIS LLP
100 Med Tech Parkway Suite 110
Johnson City, TN 37604
423-283-6303
423-283-6301 (fax)
sdarden@hsdlaw.com

David R. Marriott (*pro hac vice forthcoming*)
Justin C. Clarke (*pro hac vice forthcoming*)
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
212-474-1000
212-474-3700 (fax)
dmarriott@cravath.com
jcclarke@cravath.com

*Attorneys for Defendants*

-5-