IN THE THIRD JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
TENNESSEE CHANCERY COURT
SITTING IN GREENEVILLE, TENNESSEE

| | |
|---|---|
| Cambria County Employees Retirement System and Michael A. Roberts, <br><br> *Plaintiffs,* <br><br> -against- <br><br> Forward Air Corporation, Ronald W. Allen, Ana Amicarella, Valerie A. Bonebrake, C. Robert Campbell, R. Craig Carlock, G. Michael Lynch, George S. Mayes, Jr., Chitra Nayak, Javier Polit, Thomas Schmitt, and Laurie A. Tucker, <br><br> *Defendants.* | Docket No. 2023-cv-400 |

## DEFENDANTS' ANSWER TO VERIFIED SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Ronald W. Allen, Ana Amicarella, Valerie A. Bonebrake, C. Robert Campbell, R. Craig Carlock, G. Michael Lynch, George S. Mayes, Jr., Chitra Nayak, Javier Polit, Thomas Schmitt, Laurie A. Tucker, and Forward Air Corporation (collectively, "Defendants") respectfully submit this Answer to the Verified Second Amended Class Action Complaint ("Complaint") filed by Plaintiffs Cambria County Employees Retirement System and Michael A. Roberts, on behalf of themselves and all other similarly situated shareholders of Forward Air (collectively, "Plaintiffs").

Defendants deny any and all allegations of wrongdoing in the Complaint, which ignores the indisputable facts concerning the challenged transaction and disregards Tennessee law, and state that Plaintiffs are not entitled to any of the requested relief.

## NATURE AND SUMMARY OF THE ACTION

1.      Defendants deny the averments in paragraph 1 of the Complaint, except admit that Forward Air is a provider of ground transportation and freight services and that on August 10, 2023, Forward Air announced that it had entered into an agreement and plan of merger (the "Merger Agreement") with Omni Logistics LLC ("Omni"). Defendants refer to the Merger Agreement and Forward Air's Form 10-K filed with the SEC on March 15, 2024 for their contents.

2.      Defendants deny the averments in paragraph 2 of the Complaint, except admit that the acquisition of Omni by Forward Air was completed on January 25, 2024 and refer to publicly available sources for information about Forward Air's stock price over time.

3.      Defendants state that the averments in paragraph 3 of the Complaint purport to describe this action and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 3 of the Complaint.

4.      Defendants state that the averments in the first, second, third and fifth sentences of paragraph 4 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants refer to the relevant statutory text for its contents. Defendants deny the averments in the fourth sentence of paragraph 4, except refer to Forward Air's Form 8-K filed with the SEC on August 10, 2023 for its contents.

5.      Defendants state that the averments in paragraph 5 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants refer to the relevant statutory text for its contents.

6. Defendants state that the averments in paragraph 6 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants refer to the relevant statutory text for its contents.

7. Defendants deny the averments in the first sentence of paragraph 7 of the Complaint. Defendants state that the averments in the second sentence of paragraph 7 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments of the second sentence of paragraph 7 of the Complaint.

8. Defendants state that the averments in paragraph 8 of the Complaint purport to state a legal conclusion and do not require a response. To the extent that a response is required, Defendants deny the averments in paragraph 8 of the Complaint.

9. Defendants state that the averments in paragraph 9 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 9 of the Complaint.

10. Defendants state that the averments in paragraph 10 of the Complaint purport to describe this action and do not require a response.

## THE PARTIES

11. Defendants state that they lack sufficient knowledge and information to form a belief as to the truth of the averments in paragraph 11 of the Complaint.

12. Defendants state that they lack sufficient knowledge and information to form a belief as to the truth of the averments in paragraph 12 of the Complaint, except admit that Mr.

3

Roberts served as Senior Vice President at Forward Air (f/k/a Landair Services) and wrote to the Board.

13. Defendants admit the averments in paragraph 13 of the Complaint.

14. Defendants admit the averments in paragraph 14 of the Complaint.

15. Defendants admit the averments in paragraph 15 of the Complaint.

16. Defendants admit the averments in paragraph 16 of the Complaint.

17. Defendants admit the averments in paragraph 17 of the Complaint.

18. Defendants admit the averments in paragraph 18 of the Complaint.

19. Defendants admit the averments in paragraph 19 of the Complaint.

20. Defendants admit the averments in paragraph 20 of the Complaint.

21. Defendants admit the averments in paragraph 21 of the Complaint.

22. Defendants admit the averments in paragraph 22 of the Complaint.

23. Defendants admit the averments in paragraph 23 of the Complaint.

24. Defendants admit the averments in paragraph 24 of the Complaint, to the extent that Thomas Schmitt was Chairman of the Board and Forward Air's Chief Executive Officer until at or around February 6, 2024, when his employment was terminated by Forward Air. Defendants refer to Forward Air's March 27, 2023 Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 for its contents as to Mr. Schmitt's total compensation in 2022.

25. Defendants state that the averments in paragraph 25 of the Complaint do not require a response.

26. Defendants state that the averments in paragraph 26 of the Complaint do not require a response.

4

## JURISDICTION

27. Defendants deny the averments in paragraph 27 of the Complaint.

## FACTUAL BACKGROUND

28. Defendants deny the averments in paragraph 28 of the Complaint, except admit that Forward Air is a Tennessee corporation in the ground transportation business and Forward Air markets its services to air freight forwarders, integrated air cargo carriers and airlines.

29. Defendants deny the averments in paragraph 29 of the Complaint, except admit that on August 10, 2023, Forward Air announced that it had entered into the Merger Agreement with Omni; that Omni was a customer of Forward; that Ridgemont Equity Partners ("Ridgemont") and EVE Partners, LLC ("EVE") each held significant ownership interests in Omni; that the Merger Agreement was amended on January 22, 2024 and that the transaction closed on January 25, 2024.

30. Defendants deny the averments in paragraph 30 of the Complaint, except refer to the Merger Agreement for its contents.

31. Defendants deny the averments in paragraph 31 of the Complaint, except refer to the February 5, 2024 filing on Schedule 13D by Ridgemont and the January 29, 2024 Form 4 filed by Michael Hodge for their contents. Defendants admit that a portion of Opco LLC units are held by former Omni shareholders.

32. Defendants deny the averments in paragraph 32 of the Complaint, except refer to the February 5, 2024 filing on Schedule 13D by Ridgemont for its contents.

33. Defendants deny the averments in paragraph 33 of the Complaint, except refer to Forward Air's annual report on Form 10-K filed with the SEC on March 15, 2024 for its contents.

34. Defendants deny the averments in paragraph 34 of the Complaint, except refer to Ridgemont's February 5, 2024 Schedule 13D filing for its contents.

35. Defendants deny the averments in the first sentence of paragraph 35 of the Complaint, except admit that Forward Air issued Series C and Series C-2 units in connection with the Merger and that these units accrue on each anniversary of issuance a cumulative annual dividend (without any interim accrual) equal to the product of (a) 14.0% multiplied by (b) the liquidation preference of $110 per unit. Defendants deny the averments in the second and third sentences of paragraph 35 of the Complaint.

36. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 36 of the Complaint. Defendants otherwise deny the averments of paragraph 36 of the Complaint, except refer to publicly available sources for information about Forward Air's stock price and equity value over time.

37. Defendants deny the averments in paragraph 37 of the Complaint, except refer to the ClearBridge letter to Forward Air's management and directors for its contents and state that the Board approved a series of transactions that do not require a shareholder vote under Tennessee law.

38. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 38 of the Complaint, except refer to the referenced document for its contents. Defendants refer to publicly available sources for information about Forward Air's stock price.

39. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint, except refer to the referenced document for its contents and state that the Board approved a series of transactions that do not require a shareholder vote under Tennessee law.

40. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint, except refer to the referenced documents for their contents.

41. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 41 of the Complaint, except refer to the referenced document for its contents.

42. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 42 of the Complaint, except refer to the referenced document for its contents.

43. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 43 of the Complaint. Defendants deny the averments in the second, third and fourth sentences of paragraph 43 of the Complaint, except admit that Forward obtained financing in order to complete the transaction and that the financing included an issuance of senior notes.

44. Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint, except refer to the referenced document for its contents.

45. Defendants deny the averments in paragraph 45 of the Complaint, except admit that Scott Niswonger was a founder of Forward Air and served on the Board of Forward Air from March 15, 2021 to August 10, 2023 before resigning.

46. Defendants deny the averments in paragraph 46 of the Complaint, except refer to the referenced statutory texts for their contents and state that the Board approved a series of transactions that do not require a shareholder vote under Tennessee law.

47. Defendants deny the averments in paragraph 47 of the Complaint, except refer to the Merger Agreement for its contents.

48. Defendants state that the averments in paragraph 48 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 48 of the Complaint.

49. Defendants state that the averments in paragraph 49 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 49 of the Complaint, except refer to the referenced statutory text for its contents.

50. Defendants state that the averments in paragraph 50 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 50 of the Complaint, except refer to the referenced statutory text for its contents.

51. Defendants deny the averments in paragraph 51 of the Complaint, except refer to the referenced Form 8-K filed with the SEC on August 14, 2023 for its contents.

52. Defendants deny the averments in paragraph 52 of the Complaint, except admit that certain former shareholders of Omni hold interests in Opco.

53. Defendants state that the averments in paragraph 53 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 53 of the Complaint.

54. Defendants state that the averments in paragraph 54 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 54 of the Complaint, except refer to the referenced statutory text for its contents.

55. Defendants state that the averments in paragraph 55 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 55 of the Complaint, except refer to the referenced statutory text for its contents.

56. Defendants deny the averments in paragraph 56 of the Complaint, except refer to the referenced Form 10-K filed with the SEC on March 15, 2024 for its contents.

57. Defendants deny the averments in paragraph 57 of the Complaint, except refer to the Merger Agreement and referenced Form 8-K filed with the SEC on August 14, 2023 for their contents.

58. Defendants state that the averments in the first, second and fourth sentence of paragraph 58 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in the first, second and fourth

9

sentences of paragraph 58 of the Complaint, except refer to the referenced statute for its contents. Defendants deny the averments in the third sentence of paragraph 58 of the Complaint.

59. Defendants state that the averments in paragraph 59 of the Complaint purport to state a legal conclusion and do not require a response.

60. Defendants deny the averments in paragraph 60 of the Complaint.

61. Defendants deny the averments in paragraph 61 of the Complaint.

62. Defendants deny the averments in paragraph 62 of the Complaint, except admit that Forward Air entered into voting agreements with Ridgemont and EVE.

63. Defendants deny the averments in paragraph 63 of the Complaint, except refer to the referenced article for its contents, admit that Forward Air entered into an agreement with Ancora on March 15, 2021 to increase the size of the board by five directors, two of which were appointed by Ancora, and admit that Ancora owned over 5% of Forward Air's outstanding stock as of March 15, 2021.

64. Defendants state that the averments in paragraph 64 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 64 of the Complaint, except refer to the Stockholders Agreements for their contents.

65. Defendants deny the averments in paragraph 65 of the Complaint.

## CLASS ACTION ALLEGATIONS

66. Defendants state that the averments in paragraph 66 of the Complaint purport to state the nature of this action and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 66 of the Complaint.

10

67. Defendants state that the averments in paragraph 67 of the Complaint purport to state a legal conclusion and do not require a response.

68. Defendants deny the averments in paragraph 68 of the Complaint, except admit that Forward Air has thousands of stockholders and refer to the referenced Form 10-Q filed with the SEC on August 7, 2023 for its contents.

69. Defendants state that the averments in paragraph 69 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 69 of the Complaint.

70. Defendants state that the averments in paragraph 70 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 70 of the Complaint.

71. Defendants state that the averments in paragraph 71 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 71 of the Complaint.

## FIRST CLAIM FOR RELIEF

72. Defendants hereby incorporate their responses to paragraphs 1-71 above.

73. Defendants state that the averments in paragraph 73 of the Complaint purport to describe the relief requested and do not require a response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## SECOND CLAIM FOR RELIEF

74. Defendants hereby incorporate their responses to paragraphs 1-73 above.

75. Defendants deny the averments in the first and second sentences of paragraph 75 of the Complaint. Defendants state that the averments in the third sentence of paragraph 75 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in the third sentence of paragraph 75 of the Complaint.

76. Defendants state that the averments in paragraph 76 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

### THIRD CLAIM FOR RELIEF

77. Defendants hereby incorporate their responses to paragraphs 1-76 above.

78. Defendants deny the averments in paragraph 78 of the Complaint.

79. Defendants state that the averments in paragraph 79 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 79 of the Complaint.

80. Defendants state that the averments in paragraph 80 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

### FOURTH CLAIM FOR RELIEF

81. Defendants hereby incorporate their responses to paragraphs 1-80 above.

82. Defendants state that the averments in paragraph 82 of the Complaint purport to state a legal conclusion and do not require a response.

83. Defendants deny the averments in paragraph 83 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny each and every averment set forth in Plaintiffs' Prayer for Relief and each and every averment contained in the Complaint which is not specifically admitted herein. Defendants further deny that Plaintiffs are entitled to the relief requested, or to any other relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to the following (other than the burden imposed by law), Defendants further assert:

1. The Court lacks subject matter jurisdiction over the Action.
2. The Complaint fails to state a claim on which relief may be granted.
3. The claims set forth in the Complaint are derivative in nature.
4. The Plaintiffs have suffered no damages.
5. Plaintiffs possess an adequate remedy at law.
6. Plaintiffs' claims are barred by the doctrine of laches.
7. Plaintiffs' claims are barred by the doctrine of unclean hands.
8. Plaintiffs' claims are barred due to procedural deficiencies.

Defendants reserve the right to raise any additional defenses as may become known through discovery, investigation, or in preparation for trial or any other hearing.

13

WHEREFORE, having answered and denied liability in this action, Defendants respectfully request that the Court deny Plaintiffs' prayer for relief in its entirety, dismiss the Complaint with prejudice, and tax court costs against Plaintiffs.

Dated: June 5, 2024                Respectfully submitted,

*[signature: Stephen M. Darden]*

Stephen M. Darden (TBPR No. 011461)
HUNTER SMITH DAVIS LLP
100 Med Tech Parkway Suite 110
Johnson City, TN 37604
423-283-6303
423-283-6301 (fax)
sdarden@hsdlaw.com

David R. Marriott (admitted *pro hac vice*)
Justin C. Clarke (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
212-474-3700 (fax)
dmarriott@cravath.com
jcclarke@cravath.com

*Attorneys for Forward Air Corporation*

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2024, a true and correct copy of the foregoing has been served via fax and/or the Court's electronic filing system and served upon all parties via e-mail:

_Stephen M. Darden_
Stephen M. Darden (TBPR No. 011461)

15